Stephenson *v.* Davis.

ALBERT STEPHENSON, *in Eq.*, *versus* CHAS. F. DAVIS & *als.*

A bill in equity alleging that three of the four defendants were not inhabitants of this State, will, on demurrer, be dismissed as to them, when no service has been made on them.

And where the bill was inserted in a writ, and the officer returned a general attachment of all the defendants' right in real estate in the county, and also attached a certain schooner as their property; and subsequently, a copy of the bill, with the order of Court thereon, was served upon the fourth defendant who had removed from the State since the filing of the bill; whereupon he pleaded to the jurisdiction, alleging his removal, and that, at the time of the alleged attachments, he did not own and has not since owned any right in real estate in the county, or any interest in the schooner: — *Held*, that the plea be adjudged good, and the bill dismissed as to him.

BILL IN EQUITY, inserted in a writ, ordering an attachment " of the goods and estate of Charles F. Davis, of Deer Isle, county of Hancock, Alfred Richards, Samuel P. Adams and Alexander Hodgdon, all of Massachusetts," &c.

The sheriff of Hancock county made a return upon the writ, dated April 22, 1867, declaring therein that he had attached "all the right, title," &c., " of the within named Charles F. Davis, Alfred Richards, Samuel P. Adams and Alexander Hodgdon, in and to all and any real estate in said county of Hancock." Following this return was the usual certificate of the filing of an attested copy of the above return, &c., with the register of deeds for the county. The writ also bore the return of the sheriff of Cumberland

BARROWS and TAPLEY, JJ., dissented.

county, dated May 7, 1867, declaring that he had that day attached the schooner S. B. Harris, as the property of the within named defendants.

At the October term of the S. J. Court for Cumberland county, the Court ordered the complainant to "give notice to Charles F. Davis to appear before the Justices of said Court, to be holden at Portland on the second Tuesday of January, 1868, by serving him with an attested copy of the writ, bill, and order of Court," &c., which order was duly complied with Dec. 14, 1867, as appeared by return thereon, signed by an officer of Boston.

The pleadings appear in the opinion.

*S. Wells*, *jr.*, for the respondents, cited Story's Eq. Jurisp., § 473; *Dehon* v. *Foster*, 4 Allen, 551; Story's Eq. Plead., §§ 489, 466, 467, *et seq.*; *Mitchell* v. *Bunch*, 2 Paige's Ch. R., 616; Story's Eq. Pl., §§ 712, 745.

*W. L. Putnam*, for the complainant, contended that want of jurisdiction may be taken by demurrer only where the bill shows a want of jurisdiction by reason of a want of equity in the complainant. Complainant's points upon the merits omitted.

DICKERSON, J.—Three of the defendants, Richards, Adams and Hodgdon, filed a demurrer to the bill, alleging for cause of demurrer, that the bill discloses no ground for relief against them in a court of equity; and further, that they are not, and were not at the time of filing said bill, as appears therein, residents of this State, and are not therefore subject to the jurisdiction of this Court as a court of equity.

As this Court has not general but limited jurisdiction in equity, it is necessary that the bill should show upon its face, that the Court has jurisdiction of the subject matter complained of. Whether the Court has such jurisdiction in a case, may be inquired into under a general or a special demurrer. *May* v. *Parker*, 12 Pick., 35; *Boston Water Power Co.* v. *Boston & Worcester Railroad Co.*, 16 Pick., 516.

The question arises in the case at bar, whether this doctrine applies also when the objection is taken to the bill, that it shows upon its face that the defendants are residents of another State, and therefore not subject to the jurisdiction of this Court, as a court of equity. We see no material distinction between the two cases, and can find none made by the authorities. In both cases the requisite of a demurrer, that the matter must be apparent from the bill, is complied with, and the question is one of jurisdiction; the prayer, also, is for a dismissal of the bill, and the bill must be dismissed, if the objection is sustained, alike in both cases. There seems to be no adequate reason why a plea which is founded upon matter *dehors* the bill should be resorted to in the latter and not in the former case. This conclusion is in harmony with the well settled doctrine in equity, that a demurrer lies, when the case as presented, is not within the jurisdiction of a court of equity. Story's Eq. Pl., §§ 467, 472.

Moreover, it is to be observed that, in general, the fact that the property is not within the jurisdiction, constitutes no bar to a proceeding in a court of equity, if the person is within the jurisdiction; for a court of equity acts upon the person; *æquitas agit in personam.* Jurisdiction over the persons of the defendants is placed upon the same footing as jurisdiction over the subject matter of the bill; and, it would seem, that advantage may be taken of the want of either by the same mode of proceeding. Story's Eq. Pl., § 489.

It will not be claimed that this Court has equity jurisdiction over persons residents in another State, unless such service of the process in equity has been made as will give it jurisdiction, or the defendants have waived the want of such service. No personal service was ever made upon either of the persons who demurred to the bill; nor has any service whatever been made upon them by order of Court. The only service made, was an attachment of their real and personal property.

Sec. 9, ch. 77, R. S., provides that a bill in equity may be inserted in a writ to be served as other writs. The bill in this case was thus inserted, but the service required in such case by § 18, c. 81, R. S., was not made; and, if this was an action at law against the three defendants in question, this Court would have no right to render any judgment against these persons or their property. Such a judgment, if rendered, would be void for want of jurisdiction in the Court. The case, as presented, is the same in substance as if no service whatever had been made of the bill, and it must be dismissed with respect to the demurring defendants with costs for them, but without prejudice to the plaintiff. Whether this Court would have had jurisdiction in equity over their persons, under the particular circumstances of this case, if the service required by statute had been made, need not now be decided. It will be time to decide that question when it is properly presented.

The other defendant, Davis, properly took advantage of a want of jurisdiction, by plea, as the ground relied upon was *dehors* the bill. Though the officer returned that he attached Davis' real and personal property, yet it appeared from his plea that he did not own any property in this State, as the return sets forth, and, that when the statute service was made upon him, he was a resident of the Commonwealth of Massachusetts. If this Court has equity jurisdiction over him, a party plaintiff has only to procure an officer to make a nominal attachment of property, and then get the service completed by order of Court, to give this Court jurisdiction in equity of any person who has been a resident of this State, though at the time he should be a resident of another State. It is clear that his plea must be adjudged good, and that the bill must be dismissed as to him, also, with costs.

In this view of the case, it becomes unnecessary to determine whether this Court, sitting as a court of equity,

would have jurisdiction of the subject matter of the bill, in a case properly presented.

> *Bill dismissed, with costs for the defendants,*
> *and without prejudice to the plaintiff.*

KENT, BARROWS, DANFORTH and TAPLEY, JJ., concurred in the result.